Ronald P. Oines (State Bar No. 145016)
email: roines@rutan.com
Chelsea A. Epps (State Bar No. 261026)
email: cepps@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiffs PIPE RESTORATION
TECHNOLOGIES, LLC, ACE DURAFLO
SYSTEMS, LLC and PIPE RESTORATION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIPE RESTORATION TECHNOLOGIES, LLC, a Nevada Limited Liability Company; ACE DURAFLO SYSTEMS, LLC. a Nevada Limited Liability Company; and PIPE RESTORATION, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PIPELINE RESTORATION PLUMBING, INC., a California Corporation, f/k/a COAST BUILDING & PLUMBING, INC., d/b/a PIPELINE RESTORATION, PIPELINE RESTORATION SERVICES, and PIPELINE RESTORATION SERVICES, INC; ROY TERRY, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV 13-00499 CJC (RNBx)<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES FOR:**<br><br>(1) **PATENT INFRINGEMENT**<br>(2) **FEDERAL UNFAIR COMPETITION [LANHAM ACT]**<br>(3) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND 17500**<br><br>**DEMAND FOR JURY TRIAL** |

2118/022688-0054
5576313.1 a05/10/13

FIRST AMENDED COMPLAINT FOR
INJUNCTION AND DAMAGES FOR
PATENT INFRINGMENT ETC.

1  Plaintiffs PIPE RESTORATION TECHNOLOGIES, LLC ("PRT"), ACE
2  DURAFLO SYSTEMS, LLC ("ACE") and PIPE RESTORATION, INC.
3  ("PRI")(collectively, "Plaintiffs"), for themselves alone in their Complaint against
4  defendants PIPELINE RESTORATION PLUMBING, INC., formerly known as
5  COAST BUILDING & PLUMBING, INC., d/b/a PIPELINE RESTORATION,
6  PIPELINE RESTORATION SERVICES, and PIPELINE RESTORATION
7  SERVICES, INC. ("PRP"), ROY TERRY and DOES 1 through 10, inclusive
8  (collectively, "Defendants"), allege as follows:

## JURISDICTION AND VENUE

10  1.  This is an action involving claims of patent infringement under Title
11  35, United States Code, unfair competition under the Lanham Act, 15 U.S.C.
12  §§ 1051 et seq., and claims for unfair competition under California statutory law.
13  This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C.
14  §§ 1331 and 1338(a) and (b). This Court has jurisdiction over Plaintiff's related
15  claims based on state law pursuant to 28 U.S.C. § 1367.

16  2.  Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b) and
17  (c), as Defendants reside in this judicial district, and a substantial part of the events,
18  omissions and acts which are the subject matter of this action occurred within the
19  Central District of California, and a substantial part of the property that is the
20  subject of the action is located in the Central District of California.

## THE PARTIES

22  3.  Plaintiff PRT is a Nevada Limited Liability Company with its principal
23  place of business located at 7477 W. Lake Mead Blvd., Suite 170, Las Vegas,
24  Nevada 89128.
25  4.  Plaintiff ACE is a Nevada Limited Liability Company with its principal
26  place of business located at 3122 West Alpine Street, Santa Ana, California 92704.
27  5.  Plaintiff PRI is a California Corporation with its principal place of
28  business located at 3122 West Alpine Street, Santa Ana, California 92704.

6. Plaintiffs are informed and believe, and thereon allege, that defendant PRP is a California corporation having its principal place of business located at 2911 E. Miraloma Ave., Unit 31, Anaheim, CA 92806. Plaintiffs are also informed and believe that PRP was formerly known as Coast Building & Plumbing, Inc., and has done and may continue to do business as "Pipeline Restoration," "Pipeline Restoration Services" and "Pipeline Restoration Services, Inc."

7. Plaintiffs are informed and believe, and thereon allege, that defendant Roy Terry is and at all relevant times has been, the owner and President of PRP, and controls all aspects of the business of Coast Building.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, which therefore sues said defendants by such fictitious names. Plaintiffs will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named defendants participated in and are in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

9. Plaintiffs allege on information and belief that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and are liable to Plaintiffs for the damages and relief sought herein.

10. Plaintiffs allege on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

## PLAINTIFFS' BUSINESS

11. Plaintiff PRT developed and owns a proprietary system for cleaning

2118/022688-0054
5576313.1 a05/07/13

-2-

FIRST AMENDED COMPLAINT FOR
INJUNCTION AND DAMAGES FOR
PATENT INFRINGMENT ETC.

and reconditioning pipelines, as well as coating pipelines to prevent corrosion and/or stop leaks, together with other related repairs and services. This process uses a proprietary epoxy. PRT's process involves cleaning, drying and then sanding the interior of the pipeline. An epoxy is then air-blown to coat the interior of the pipeline. PRT's epoxy is NSF® certified for use in all of the applications in which it is used. The NSF® approval process is a rigorous one in which the applicant is required to specify the actual product formulation and product conditions of use, such as the type of product, pipe diameter, water contact temperature, cure time and temperature, and any pre- or post-curing conditions. If the product passes the rigorous approval process, it is approved only as to the information and conditions specified by the applicant.

12. PRT owns a robust intellectual property portfolio relating to its business. For example, on January 1, 2013, the United States Patent & Trademark Office ("USPTO") issued United States Patent no. 8,343,579, entitled "Methods and Systems for Coating and Sealing Inside of Piping Systems" ("the '579 Patent"). PRT owns all rights, title and interest in the '579 Patent.

13. Plaintiff ACE has a license from PRT to PRT's technology and intellectual property discussed above. ACE, in turn, franchises and licenses such technology and intellectual property to franchisees and licensees throughout the United States, including in geographic areas in which Defendants do business.

14. Plaintiff PRI is a franchisee of ACE, and as such, performs pipe restoration work, including in the geographic areas in which Defendants do business and in direct competition with Defendants.

15. The Application upon which the '579 Patent is based was published by the USPTO on September 30, 2010. On information and belief, in early 2011, Defendants' engaged patent counsel to research PRT's patents and patent applications, and commenced a reexamination proceeding as to one of PRT's patents. On information and belief, Defendants' likely were made aware of the

publication of the Application that became the '579 Patent at least as of early 2011. On information and belief, Defendants also likely were made aware of the issuance and content of the '579 Patent on or shortly after January 1, 2013. Additionally, Plaintiffs properly mark their goods and services with the '579 Patent, thereby providing prior constructive notice of the '579 Patent to Defendants.

**DEFENDANTS' BUSINESS, INFRINGEMENT AND FALSE ADVERTISING**

16. On information and belief, Defendants are in the business of, among other things, plumbing. As part of their plumbing operations, Defendants offer an epoxy-based pipe restoration process that is similar in some respects to Plaintiffs' process described above. Defendants compete with Plaintiffs for pipe restoration work in small diameter, potable water applications.

17. In connection with advertising their pipe restoration services, Defendants have made, and continue to make, false and misleading representations in marketing and other materials in an effort to confuse actual and potential customers and compete unfairly with Plaintiffs in the marketplace.

18. On February 22, 2011, Plaintiff PRT filed a lawsuit against Defendants arising out of, among other things, the following false statements that Defendants marketing materials included at that time:

- Defendants stated in marketing and other materials that all of Defendants' materials are approved for potable water contact and are certified to NSF/ANSI Standard 61. On information and belief, this statement was false because the epoxy Defendants use and have used is not and was not approved for the small diameter application in which Defendants use it and have used it.
- Defendants also made statements that the epoxy materials used by Defendants have been in use worldwide for over 45 years and have been applied to more than 5,000 miles of domestic water lines in the United Kingdom alone. On information and belief, this statement was

false and/or misleading because it falsely suggests that the epoxy used by Defendants has been used to such extent in small diameter, potable water applications, which is false.

- Defendants also stated that their process stops all future corrosion of the piping system, which is false.
- Defendants also stated that their pipe restoration service is the "only solution" to prevent slab leaks or other pinhole leaks. This statement is false.
- Defendants also stated that their process results in no waste to landfills. This is false.
- Defendants also stated that they are the only company that specifically targets the repair of single water lines. This statement is false.

19. As a result of the lawsuit and Defendants' recognition that these statements were false, Defendants took down the internet site on which these statements had been made, i.e., www.pipelinerestoration.com.

20. However, recently, Defendants have reinstituted their use of the pipelinerestoration.com website, and continue to make false and misleading statements in an effort to mislead actual and potential customers of Defendants – who are also potential customers of Plaintiffs – in an effort to steer business away from Plaintiffs to Defendants. The false and misleading statements that are currently on www.pipelinerestoration.com include:

- Defendants continue to state that all of Defendants' materials are approved for potable water contact and are certified to NSF/ANSI Standard 61. On information and belief, this statement is false because the epoxy Defendants use and have used is not and was not approved for the small diameter application in which Defendants use it and have used it.
- Defendants continue to make statements that the epoxy materials used

by Defendants have been in use worldwide for over 45 years and have been applied to more than 5,000 miles of domestic water lines in the United Kingdom alone. On information and belief, this statement is false and/or misleading because it falsely suggests that the epoxy used by Defendants has been used to such extent in small diameter, potable water applications, which is false.

- Defendants also state that their process stops all corrosion "for the life of your home," which is false.
- Defendants also state that they are the "only company offering a single line service . . . ." This statement is false.
- Defendants continue to state that their process results in no waste to landfills. This is false.
- Defendants state in marketing materials that their technology and materials have been in use for over 45 years in 85,000 miles of pipe. This statement if false.

21.   All of the above-referenced statements have a tendency to deceive, and on information and belief have actually deceived, a substantial segment of the consuming public. Such deception is material and likely to influence purchasing decisions.

22.   Defendants have caused their falsely advertised goods and services to be advertised and/or sold in interstate commerce. On information and belief, Plaintiffs have been injured by such false statements by, among other things, the direct diversion of business from Plaintiffs to Defendants.

23.   On information and belief, Defendants also routinely and consistently violate air quality laws and regulations, including those that are enforced by the South Coast Air Quality Management District, the California Environmental Protection Agency, and/or the Air Resources Board. For example, Defendants are required to be registered and compliant with rules relating to the use of their diesel

engines. Defendants also are required to be registered and compliant with rules relating to the use of coatings. On information and belief, Defendants are not so registered or compliant.

24. As stated above, on information and belief, the epoxy coating Defendants use in connection with their pipe restoration business is not approved for small diameter pipes. Nor is it approved to be in contact with drinking water in small diameter pipes. On information and belief, by using its epoxy coating in unapproved applications, Defendants violate the Health and Safety Code of the State of California and other state and federal laws and regulations.

25. The conduct described above also violates various provisions of the California Contractor's Licensing Laws. For example, on information and belief, Defendants are in violation of section 7110, which prohibits willful or deliberate disregard and violation of the building laws of California or political subdivision thereof, and the provisions of the California Health and Safety or Water Codes. On information and belief, the conduct described above also violates section 7161 of the Contractor's Licensing Laws, which section provides that it is a misdemeanor to Use false, misleading, or deceptive advertising as an inducement to enter into any contract for a work of improvement, or make any substantial misrepresentation in the procurement of a contract for a home improvement or other work of improvement.

26. On information and belief, defendant Terry personally took part in the conduct that constitutes patent infringement and unfair competition alleged herein. To the extent any others were involved is such conduct, Terry specifically directed such others to engage in such conduct. Terry actively participated in, and aided and abetted, the patent infringement and unfair competition alleged herein.

### FIRST CLAIM FOR RELIEF

(Patent Infringement ['579 Patent])

27. Plaintiffs reallege each and every allegation set forth in paragraphs 1

through 26, inclusive, and incorporate them herein by this reference.

28. Defendants have practiced and continue to practice in the United States the process that is described in one or more claims of the '579 patent. As a result, Defendants have infringed and are infringing the '579 patent.

29. On information and belief, Defendants' infringement of the '579 patent has been and will continue to be willful, wanton and deliberate with full knowledge and awareness of Plaintiffs' patent rights.

30. Plaintiffs have been damaged in an amount to be determined at trial, but which is no less than a reasonable royalty, and irreparably injured by Defendants' infringing activities. Plaintiffs will continue to be so damaged and irreparably injured unless such infringing activities are enjoined by this Court.

31. Moreover, in light of the willful nature of Defendants' conduct, this case should be deemed "exceptional" under the Patent Laws. As a result, in addition to damages, Plaintiffs are entitled to enhanced damages and their attorneys' fees and costs incurred herein.

32. In addition to being liable as a direct infringer, defendant Terry also actively induced the infringement by PRP and, therefore, is liable for inducing infringement.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition – 15 U.S.C. § 1125)

33. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 26 inclusive, and incorporate them herein by this reference.

34. Defendants' false statements in advertising materials and otherwise as described in paragraphs 17 to 26 above, constitute violations of 15 U.S.C. § 1125 of the Lanham Act.

35. Defendants' aforesaid acts constitute deliberate and intentional violations of 15 U.S.C. § 1125, causing damages, as well as irreparable harm to Plaintiffs for which there is no adequate remedy at law. Given the willful nature of

Defendants' conduct, this is an "exceptional" case under the Lanham Act, entitling Plaintiffs to their attorneys' fees incurred herein.

### THIRD CLAIM FOR RELIEF

### (California Business And Professions Code §§ 17200 et seq. and 17500)

36.  Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 26, inclusive, and incorporate them herein by this reference.

37.  The foregoing acts and conduct of Defendants described in paragraphs 17 through 26, constitute unfair trade practices and unfair competition under California Business and Professions Code ("Cal. B&P Code") §§ 17200 et seq., and False Advertising under Cal. B&P Code § 17500.

38.  Defendants' acts have caused damage to Plaintiffs, including incidental and general damages, lost profits, and out-of-pocket expenses. Defendants should therefore be required to disgorge and restore to Plaintiffs all profits and other expenses as may be incurred by Plaintiffs.

39.  Plaintiffs further seek an injunction to enjoin Defendants from continuing such unfair business practices and false advertising.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.  That Defendants, their officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from further infringement of the '579 Patent;

2.  A Judgment by the Court that Defendants have infringed and are infringing the '579 Patent;

3.  An award of damages for infringement of the '579 Patent, together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Defendants' infringement, as provided by 35 U.S.C. § 284;

1     4.     An award of Plaintiffs' reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case;

5.     That Defendants, their officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from publishing false or misleading statements, as alleged herein;

6.     That Plaintiffs have and recover from Defendants reasonable attorneys' fees, costs and disbursements relating to this action because this is an "exceptional case" pursuant to the Lanham Act;

7.     That the Court grant Plaintiffs restitution from Defendants by disgorgement of all profits earned through Defendants conduct;

8.     For restitution of any money or property Defendants wrongfully obtained, pursuant Business and Professions Code section 17203;

9.     That any monetary award include pre- and post-judgment interest at the highest rate allowed by law;

10.     For costs of suit; and

11.     For such other and further relief as the Court may deem just and proper.

Dated: May 10, 2013

RUTAN & TUCKER, LLP
RONALD P. OINES
CHELSEA A. EPPS

By: _____
Ronald P. Oines
Attorneys for Plaintiffs PIPE RESTORATION TECHNOLOGIES, LLC, ACE DURAFLO SYSTEMS, LLC and PIPE RESTORATION, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule 38-1 of the Local Rules of the United States District Court for the Central District of California, Plaintiffs hereby demand a jury trial in this action.

Dated: May 10, 2013

RUTAN & TUCKER, LLP
RONALD P. OINES
CHELSEA A. EPPS

By: _____
Ronald P. Oines
Attorneys for Plaintiffs PIPE RESTORATION TECHNOLOGIES, LLC, ACE DURAFLO SYSTEMS, LLC and PIPE RESTORATION, INC.