FILED



1  RHEMA LAW GROUP, A Professional Corporation2013 MAY 31  PM 3: 48
2  John D. Tran, Esq., SBN 231761
   Rosalind T. Ong, Esq. SBN 234326
3  1 Park Plaza, Suite 600
   Irvine, California 92614
4  Telephone:   (949) 852-4330
   Facsimile:    (866) 929-3519
5  Email: jdt@rhemalaw.com

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

6  Attorneys for Defendants and Counterclaim Plaintiffs,
   PIPELINE RESTORATION PLUMBING, INC. et. al.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

By Fax

10

11  PIPE RESTORATION                          Case No. SACV 13–00499 CJC (RNBx)
    TECHNOLOGIES, LLC., a Nevada
12  Limited Liability Company, ACE            **ANSWER AND COUNTERCLAIM
    DURAFLO SYSTEMS, LLC, a                   TO FIRST AMENDED
13  Nevada Limited Liability Company;         COMPLAINT FOR INJUNCTION
    and PIPE RESTORATION, INC., a             AND DAMAGES**
14  California Corporation,

15                        Plaintiffs,         **DEMAND FOR JURY TRIAL**

16       v.

17  PIPELINE RESTORATION
    PLUMBING, INC., a California
18  Corporation f/k/a/ COAST
    BUILDING & PLUMBING, INC.
19  d/b/a PIPELINE RESTORATION,
    PIPELINE RESTORATION
20  SERVICES, and PIPELINE
    RESTORATION SERVICES, INC.;
21  ROY TERRY, an individual; and
    DOES1 through 10, inclusive,
22
                          Defendants.
23

24

25  AND RELATED COUNTERCLAIMS

26

27

28

RHEMA LAW GROUP, PC

1    Defendants, PIPELINE RESTORATION PLUMBING, INC. f/k/a as COAST

2   BUILDING & PLUMBING, INC. d/b/a PIPELINE RESTORATION, PIPELINE

3   RESTORATION SERVICES, PIPELINE RESTORATION SERVICES, INC. and

4   ROY TERRY (collectively, "Defendants"), hereby provide the following answer to

5   the First Amended Complaint filed by Plaintiffs, PIPE RESTORATION

6   TECHNOLOGIES, LLC, ACE DURAFLO SYSTEMS, LLC, and PIPE

7   RESTORATION, INC. (collectively, "Plaintiffs"):

8                        **JURISDICTION AND VENUE**

9        1.    Defendants admit the allegations in Paragraph 1.

10       2.    Defendants admit the allegations in Paragraph 2.

11                            **THE PARTIES**

12       3.    With respect to Paragraph 3 of the Complaint, Defendants are without

13   knowledge or information sufficient to admit or deny the allegations in the

14   paragraph and, therefore, denies each and every such allegation.

15       4.    With respect to Paragraph 4 of the Complaint, Defendants are without

16   knowledge or information sufficient to admit or deny the allegations in the

17   paragraph and, therefore, denies each and every such allegation.

18       5.    With respect to Paragraph 5 of the Complaint, Defendants are without

19   knowledge or information sufficient to admit or deny the allegations in the

20   paragraph and, therefore, denies each and every such allegation.

21       6.    Defendants admit the allegations in Paragraph 6 as to the principal

22   place of business address and that Pipeline Restoration Plumbing, Inc. was formerly

23   known as Coast Building & Plumbing, Inc. and does business as "Pipeline

24   Restoration." Defendants deny ever doing business as "Pipeline Restoration

25   Services, Inc."

26       7.    Defendants admit that Mr. Roy Terry is the owner and President of

27   Pipeline Restoration Plumbing, Inc. With respect to the remaining allegations of

28   Paragraph 7, Defendants find the term "all aspects" to be vague and therefore denies

1  the remaining allegations in paragraph 7.

2      8.    The allegations of Paragraph 8 do not call for a response from

3  Defendants.  If one is required, Defendants hereby deny any allegation of fact

4  contained in Paragraph 8.

5      9.    Defendants deny the allegations of Paragraph 9.

6      10.   Defendants deny the allegations of Paragraph 10.

7                    **PLAINTIFF'S BUSINESS**

8      11.   Answering Paragraph 11, Defendants admit that the Plaintiff is in the

9  pipe restoration business.  Defendants have insufficient information to form a belief

10 as to the veracity of the remaining allegations of Paragraph 11 and therefore denies

11 the allegation therein.

12     12.   With respect to Paragraph 12 of the Complaint, Defendants are without

13 knowledge or information sufficient to admit or deny the allegations in the

14 paragraph and, therefore denies the allegation therein.

15     13.   With respect to Paragraph 13 of the Complaint, Defendants are without

16 knowledge or information sufficient to admit or deny the allegations in the

17 paragraph and, therefore denies the allegation therein.

18     14.   With respect to Paragraph 14 of the Complaint, Defendants are without

19 knowledge or information sufficient to admit or deny the allegations in the

20 paragraph and, therefore denies the allegation therein.

21     15.   Defendants deny the allegations in Paragraph 15.

22 **DEFENDANTS' BUSINESS, INFRINGEMENT AND FALSE ADVERTISING**

23     16.   With respect to Paragraph 16 of the Complaint, Defendants admit that

24 it is in the pipe restoration business. Except as admitted, Defendants deny each and

25 every remaining allegation of Paragraph 16.

26     17.   Defendants deny the allegations in Paragraph 17.

27     18.   With respect to Paragraph 18 of the Complaint, Defendants admit that

28 Plaintiff PRT filed a lawsuit against Defendants on February 22, 2011.  Except as

RHEMA LAW GROUP, PC

1  admitted Defendants deny each and every remaining allegation of Paragraph 18.

2      19.     Defendants deny the allegations in Paragraph 19.

3      20.     Defendants deny the allegations in Paragraph 20.

4      21.     Defendants deny the allegations in Paragraph 21.

5      22.     Defendants deny the allegations in Paragraph 22.

6      23.     Defendants deny the allegations in Paragraph 23.

7      24.     Defendants deny the allegations in Paragraph 24.

8      25.     Defendants deny the allegations in Paragraph 25.

9      26.     Defendants deny the allegations in Paragraph 26.

10                    **FIRST CLAIM FOR RELIEF**

11                 **(Patent Infringement ['579 Patent])**

12     27.     Defendants reallege each and every answer set for in Paragraphs 1
13  through 26 inclusive, and incorporates them by this reference.

14     28.     Defendants deny the allegations in Paragraph 28.

15     29.     Defendants deny the allegations in Paragraph 29.

16     30.     Defendants deny the allegations in Paragraph 30.

17     31.     Defendants deny the allegations in Paragraph 31.

18     32.     Defendants deny the allegations in Paragraph 32.

19                    **SECOND CLAIM FOR RELIEF**

20            **(Federal Unfair Competition – 15 U.S.C. § 1125)**

21     33.     Defendants reallege each and every answer set for in Paragraphs 1
22  through 26 inclusive, and incorporates them by this reference.

23     34.     Defendants deny the allegations in Paragraph 34.

24     35.     Defendants deny the allegations in Paragraph 35.

25                    **THIRD CLAIM FOR RELIEF**

26     **(California Business And Professions Code §§ 17200 et seq. and 17500)**

27     36.     Defendants reallege each and every answer set for in Paragraphs 1
28  through 26 inclusive, and incorporates them by this reference.

37.    Defendants deny the allegations in Paragraph 37.

38.    Defendants deny the allegations in Paragraph 38.

39.    Defendants deny the allegations in Paragraph 39.

**DEMAND FOR JURY TRIAL**

40.    Defendants hereby demand a trial by jury on all claims and defenses

**DEFENDANTS' AFFIRMATIVE DEFENSES**

Upon information and belief, Defendants allege as follows in affirmative defense of the allegations set forth in the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

**(Patent Invalidity)**

41.    U.S. Patent No. 8,343,579 ("the '579 Patent") and, all of the claims thereof, are invalid under Title 35 of the United States Code, §101, §102, §103 and/or §112, including as more specifically one or more of the following reasons:

a.    The alleged invention of the '579 was known or used by others in this country before the invention thereof by the applicant for the '579 Patent (35 U.S.C. §102(a));

b.    The alleged invention of the '579 Patent was patented, or in public use, or on sale in this country, more than one year prior to the day the application for the patent in the United States (35 U.S.C. § 102(b)));

c.    The applicant for the '579 Patent did not themselves invent the subject matter patented (35 U.S.C. §102(f));

d.    Before the applicant's alleged invention thereof, the invention was made in this county by another who had not abandoned, suppressed or concealed it (35 U.S.C. § 102(g));

e.    The differences between the subject matter patented and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which the said subject matter pertains (U.S.C § 103).

RHEMA LAW GROUP, PC

5          DEFENDANTS' ANSWER AND COUNTERCLAIM
TO FIRST AMENDED COMPLAINT

1        f.      The applicants failed to disclose the best mode of invention as

2 required by (35 U.S.C. §112), resulting in an inadequate specification.

3 **SECOND AFFIRMATIVE DEFENSE**

4 **(Non-Infringement)**

5     42.    Defendants have not infringed, directly or indirectly, and is not now

6 infringing any valid claim of the '579 Patent.

7     43.    The Plaintiff's claims against the Defendants are barred given that no

8 patent infringement exists on the facts or circumstances of the case under §271.

9     44.    No valid claim of the '579 Patent literally or equivalently covers or

10 includes within its scope any products and/or services ever made, used, offered for

11 sale, or sold by the Defendants.

12     45.    Furthermore, Defendants have not done any act nor proposes to do any

13 act in violation of any rights Plaintiff may have in the '579 Patent, if any at all, nor

14 to cause any other person and/or entity to violate any rights Plaintiff may have in the

15 '579 Patent, if any at all.

16 **THIRD AFFIRMATIVE DEFENSE**

17 **(Laches, Waiver, Acquiescence, or Estoppel)**

18     46.    Plaintiff's remedies with respect to the '579 Patent are barred by the

19 doctrines of laches, waiver, acquiescence, and/or estoppels.

20 **FOURTH AFFIRMATIVE DEFENSE**

21 **(Misuse)**

22     47.    Upon information and belief, Plaintiff has misused the '579 Patent by

23 the maintenance of this action, in bad faith, when it should have known that the

24 patent was invalid or that it had no valid claim of patent infringement against the

25 Defendants.

26 **FIFTH AFFIRMATIVE DEFENSE**

27 **(Equitable Relief Barred)**

28     48.    Any claim for injunctive relief and equitable remedies by the Plaintiff

RHEMA LAW GROUP, PC

    DEFENDANTS' ANSWER AND COUNTERCLAIM
TO FIRST AMENDED COMPLAINT

1  are barred in light of the fact that the Plaintiff has an adequate remedy at law.

2  **SIXTH AFFIRMATIVE DEFENSE**

3  **(Inequitable Conduct- 35 USC 282(1))**

4      49.    The '579 Patent and all of its claims thereof, are rendered

5  unenforceable against the Defendants due to the Plaintiff's inequitable conduct

6  pursuant to 37 CFR §1.56. In particular, the Plaintiff failed to properly disclose all

7  material information known to it in the prosecution and procurement of the '579

8  Patent. Upon information and belief, Plaintiff practiced the invention disclosed in

9  the '579 patent more than one year prior to its earliest priority filing date. In

10 particular, Defendants believe Plaintiff publicly used the pipe restoration

11 method/process as disclosed in the '579 patent in and around January-March 2000 at

12 several hotels including the MayFlower Park Hotel and Pacific Plaza Hotels in

13 Seattle; Vancouver's 385 Room (Four Seasons Hotel). In addition, upon

14 information and belief, Plaintiff ACE DuraFlo publicly disclosed and used the pipe

15 restoration system/method disclosed in the '579 patent more than one year prior to

16 its earliest priority filing date through a company called ACE Envirotech, Inc. which

17 was founded by the Plaintiffs. Thus, at the time of the filing of the '579 patent

18 application, Plaintiffs' knew that it had already publicly disclosed and used the '579

19 patent pipe restoration method/process at least a year before the '579 patent

20 application filing thereby intentionally violating 35 U.S.C. §102(b). Plaintiffs

21 intentionally withheld this public disclosure and use information in order to defraud

22 the Patent Office into issuing the '579 Patent to the Plaintiffs.

23      Upon information and belief, Plaintiffs' also intentionally withheld

24 information that was material to the patentability of the '579 patent. In particular,

25 one of the '579 inventors, Mr. Larry Gillanders, was selling licenses to an

26 "InterTechno LSE-SYSTEM" which was a system for the renovation of in-place

27 piping systems in and around 1998 in Vancouver. As part of this, Mr. Gillanders

28 knew and had correspondence with Mr. Werner Naf who was the inventor of

1  InterTechno LSE-System.  Upon information and belief, Mr. Gillanders received
2  documentation regarding the InterTechno LSE pipe restoration system/method
3  which would have been considered material to the '579 patentability and
4  intentionally withheld such information from the patent office which violated 37
5  CFR 1.56.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Inadequate Notice)**

8      50.    Upon information and belief, Plaintiff's claims for patent infringement,
9  including damages, are barred in whole or in part, or limited, by its failure to
10  provide adequate notice under 35. U.S.C. §287.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

13      51.    Plaintiff has failed to state a claim upon which relief may properly be
14  granted.

**NINTH AFFIRMATIVE DEFENSE**

**(Express or Implied License)**

17      52.    Plaintiff's claims for patent infringement against Defendants are
18  precluded to the extent that any allegedly infringing products are supplied, directly
19  or indirectly to the Defendants resulting in an express or implied license.

26  ///
27  ///
28  ///

## COUNTERCLAIMS

Counterclaim Plaintiffs, PIPELINE RESTORATION PLUMBING, INC., a
California Corporation, f/k/a COAST BUILDING & PLUMBING, INC., d/b/a
PIPELINE RESTORATION SERVICES, and ROY TERRY, an individual,
("hereby "Counterclaim Plaintiffs") hereby state that following for its
Counterclaims against Counterclaim Defendants, PIPE RESTORATION
TECHNOLOGIES, LLC, ACE DURAFLO SYSTEMS, LLC, and PIPE
RESTORATION, INC. (hereby collectively, "Counterclaim Defendants"):

## PARTIES AND JURISDICTION

1.      Counterclaim Plaintiff Pipeline Restoration Plumbing, Inc. is a
California corporation;

2.      Counterclaim Plaintiff Roy Terry is an individual residing in
California;

3.      Counterclaim Defendant Pipe Restoration Technologies, LLC is a
Nevada Limited Liability Company;

4.      Counterclaim Defendant Ace Duraflo Systems, LLC is a Nevada
Limited Liability Company;

5.      Counterclaim Defendant Pipe Restoration, Inc. is a California
Corporation;

6.      This Court has jurisdiction over these counterclaims under 28 U.S.C.
§§1331, 1338(a) and 2201, in that the counterclaims for declaratory relief under 28
U.S.C. §§2201 and 2202 assert substantial federal claims for a patent controversy
under the Patent Statutes, 35 United States Code, and pursuant to the supplemental
jurisdiction of this Court under 28 U.S.C. § 1367, in that the counterclaims relate to
the same case or controversy and is joined with and in response to the Complaint.

7.      Venue is proper under 28 U.S.C. §1391 and 1400(b).

**COUNT I**

**(DECLARATORY JUDGMENT FOR INVALIDITY OF THE '579 PATENT)**

8.    Counterclaim Plaintiffs hereby incorporate and reallege Paragraphs 1-7.

9.    The '579 Patent, and more particularly the claims of the '579 Patent alleged to be infringed, are invalid for failure to comply with one or more requirements set forth in 35 U.S.C., including but not limited to §101, §102, §103 and/or §112.

**COUNT II**

**(DECLARATORY JUDGMENT FOR**

**UNENFORCEABILITY OF THE '579 PATENT)**

10.    Counterclaim Plaintiffs hereby incorporate and reallege Paragraphs 1-9.

11.    The '579 patent is unenforceable because the Counterclaim Defendants' failure to properly comply with their duty of disclosure under 37 CFR §1.56 to the Patent Office during the prosecution and procurement of the '579 Patent. The '579 Patent and all of its claims thereof, are rendered unenforceable against the Counterclaim Plaintiffs due to the Counterclaim Defendants' inequitable conduct pursuant to 37 CFR §1.56.  In particular, Counterclaim Defendants failed to properly disclose all material information known to it in the prosecution and procurement of the '579 Patent.  Upon information and belief, Counterclaim Defendants' practiced the invention disclosed in the '579 patent more than one year prior to its earliest priority filing date.  In particular, Counterclaim Plaintiffs believe Counterclaim Defendants publicly used the pipe restoration method/process as disclosed in the '579 patent in and around January-March 2000 at several hotels including the MayFlower Park Hotel and Pacific Plaza Hotels in Seatlle; Vancouver's 385 Room (Four Seasons Hotel).  In addition, upon information and belief, Counterclaim Defendant Plaintiff ACE DuraFlo publicly disclosed and used the pipe restoration system/method disclosed in the '579 patent more than one year prior to its earliest priority filing date through a company called ACE Envirotech,

10

DEFENDANTS' ANSWER AND COUNTERCLAIM
TO FIRST AMENDED COMPLAINT

1  Inc. which was founded by the Counterclaim Defendants.  Thus, at the time of the

2  filing of the '579 patent application, Counterclaim Defendants knew that it had

3  already publicly disclosed and used the '579 patent pipe restoration method/process

4  at least a year before the '579 patent application filing thereby intentionally

5  violating 35 U.S.C. §102(b).  Counterclaim Defendants intentionally withheld this

6  public disclosure and use information in order to defraud the Patent Office into

7  issuing the '579 Patent to the Counterclaim Defendants.

8           Upon information and belief, Counterclaim Defendants also intentionally

9  withheld information that was material to the patentability of the '579 patent.  In

10  particular, one of the '579 inventors, Mr. Larry Gillanders, was selling licenses to an

11  "InterTechno LSE-SYSTEM" which was a system for the renovation of in-place

12  piping systems in and around 1998 in Vancouver.  As part of this, Mr. Gillanders

13  knew and had correspondence with Mr. Werner Naf who was the inventor of

14  InterTechno LSE-System.  Upon information and belief, Mr. Gillanders received

15  documentation regarding the InterTechno LSE pipe restoration system/method

16  which would have been considered material to the '579 patentability and

17  intentionally withheld such information from the patent office which violated 37

18  CFR 1.56.

19                              **COUNT III**

20                    **(DECLARATORY JUDGMENT FOR**

21            **NON-INFRINGEMENT OF THE '579 PATENT)**

22           12.    Counterclaim Plaintiffs hereby incorporate and reallege Paragraphs 1-

23  11.

24           13.    An actual and justiciable controversy exists between Counterclaim

25  Plaintiffs and Counterclaim Defendants involving the allegations of Patent

26  Infringement of the '579 Patent by Counterclaim Plaintiffs' products and services.

27           14.    Counterclaim Plaintiffs are thus entitled to a declaratory judgment

28  declaring that their products and services do not infringe any of the claims of the

1  '579 Patent.

2

3

4                               **PRAYER FOR RELIEF**

5       WHEREFORE, Defendants/Counterclaim Plaintiffs pray and respectfully

6  request that:

7       A.    The Plaintiffs' Complaint be dismissed with prejudice, and Plaintiffs

8  take nothing by way of their Complaint;

9       B.    Judgment be entered declaring that the '579 is invalid and/or

10 unenforceable;

11      C.    Judgment be entered in favor of Defendants/Counterclaim Plaintiffs

12 declaring that Defendants/Counterclaim Plaintiffs are not now infringing and have

13 not in the past infringed the '579 Patent.

14      D.    A permanent injunction be entered enjoining Plaintiffs/Counterclaim

15 Defendants and all of their officers, directors, employees, servants, affiliates,

16 partners, and agents, and all those persons or entities in active concert or

17 participation with any of them, from violating Defendants/Counterclaim Plaintiffs'

18 rights by way of accusing Defendants/Counterclaim Plaintiffs, their dealers and/or

19 customers of infringing or otherwise violating the '579 Patent.

20      E.    The Plaintiffs/Counterclaim Defendants be enjoined from instituting,

21 prosecuting, or threatening to bring any civil action or proceeding of any nature

22 whatsoever based upon said patents against anyone, including

23 Defendants/Counterclaim Plaintiffs.

24      F.    An order to the United States Patent & Trademark Office requiring the

25 cancellation the '579 Patent Registration.

26      G.    An award be entered in favor of Defendants/Counterclaim Plaintiffs for

27 reasonable attorneys' fees pursuant to 35 U.S.C. §285 and costs incurred in this civil

28 action; and

1     H.    Any and all other further relief in favor of Defendants/Counterclaim

2  Plaintiffs as this Court deems just or proper be granted.

3

4  DATED:  May 31, 2013      **RHEMA LAW GROUP, P.C.**

5

6

7                           _____

8                         By:  John D. Tran
1 Park Plaza, Suite 600

9                         Irvine, California 92614
Telephone:  (949) 852-4330

10                       Facsimile:    (866) 929-3519
Email: jdt@rhemalaw.com

11                       Attorneys for Defendants/Counterclaim-
Plaintiffs Pipeline Restoration Plumbing, Inc. et. al.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RHEMA LAW GROUP, PC

    DEFENDANTS' ANSWER AND COUNTERCLAIM
TO FIRST AMENDED COMPLAINT