# EXHIBIT A

RHEMA LAW GROUP, A Professional Corporation
John D. Tran, Esq., SBN 231761
Rosalind T. Ong, Esq. SBN 234326
William L. Buus, Esq., SBN 180059
1 Park Plaza, Suite 600
Irvine, California 92614
Telephone:   (949) 852-4330
Facsimile:    (866) 929-3519
Email: jdt@rhemalaw.com
Email: rto@rhemalaw.com
Email: wlb@rhemalaw.com

Attorneys for Defendants and Counterclaim Plaintiffs,
PIPELINE RESTORATION PLUMBING, INC. et. al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIPE RESTORATION TECHNOLOGIES, LLC., a Nevada Limited Liability Company, ACE DURAFLO SYSTEMS, LLC, a Nevada Limited Liability Company; and PIPE RESTORATION, INC., a California Corporation,<br><br>  Plaintiffs,<br><br>  v.<br><br>PIPELINE RESTORATION PLUMBING, INC., a California Corporation f/k/a/ COAST BUILDING & PLUMBING, INC. d/b/a PIPELINE RESTORATION, PIPELINE RESTORATION SERVICES, and PIPELINE RESTORATION SERVICES, INC.; ROY TERRY, an individual; and DOES1 through 10, inclusive,<br><br>  Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. SACV 13–00499 CJC (RNBx)<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| 1 | PIPELINE RESTORATION PLUMBING, INC., a California Corporation, f/k/a COAST BUILDING & PLUMBING, INC., d/b/a PIPELINE RESTORATION SERVICES; ROY TERRY, an individual, |
| 2 | |
| 3 | |
| 4 | Counterclaim Plaintiffs, |
| 5 | vs. |
| 6 | PIPE RESTORATION TECHNOLOGIES, LLC; ACE DURAFLO SYSTEMS, LLC; and, PIPE RESTORATION, INC., |
| 7 | |
| 8 | |
| 9 | Counterclaim Defendants. |
| | PIPELINE RESTORATION PLUMBING, INC., a California corporation; ROY TERRY, an individual, |
| 10 | |
| 11 | |
| 12 | Third-Party Plaintiffs, |
| 13 | vs. |
| 14 | TRUESDAIL LABORATORIES, INC., a California corporation, and ROES 1 through 10, inclusive, |
| 15 | |
| 16 | Third-Party Defendants. |

Defendants, PIPELINE RESTORATION PLUMBING, INC. f/k/a as COAST BUILDING & PLUMBING, INC. d/b/a PIPELINE RESTORATION, PIPELINE RESTORATION SERVICES, PIPELINE RESTORATION SERVICES, INC. and ROY TERRY (collectively, "Defendants"), hereby provide the following amended answer and counterclaims to the First Amended Complaint filed by Plaintiffs, PIPE RESTORATION TECHNOLOGIES, LLC, ACE DURAFLO SYSTEMS, LLC, and PIPE RESTORATION, INC. (collectively, "Plaintiffs"):

## JURISDICTION AND VENUE

1. Defendants admit the allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

## THE PARTIES

3. With respect to Paragraph 3 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations in the paragraph and, therefore, denies each and every such allegation.

4. With respect to Paragraph 4 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations in the paragraph and, therefore, denies each and every such allegation.

5. With respect to Paragraph 5 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations in the paragraph and, therefore, denies each and every such allegation.

6. Defendants admit the allegations in Paragraph 6 as to the principal place of business address and that Pipeline Restoration Plumbing, Inc. was formerly known as Coast Building & Plumbing, Inc. and does business as "Pipeline Restoration." Defendants deny ever doing business as "Pipeline Restoration Services, Inc."

7. Defendants admit that Mr. Roy Terry is the owner and President of Pipeline Restoration Plumbing, Inc. With respect to the remaining allegations of Paragraph 7, Defendants find the term "all aspects" to be vague and therefore denies

the remaining allegations in paragraph 7.

8. The allegations of Paragraph 8 do not call for a response from Defendants. If one is required, Defendants hereby deny any allegation of fact contained in Paragraph 8.

9. Defendants deny the allegations of Paragraph 9.

10. Defendants deny the allegations of Paragraph 10.

## **PLAINTIFFS' BUSINESS**

11. Answering Paragraph 11, Defendants admit that the Plaintiff is in the pipe restoration business. Defendants have insufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 11 and therefore denies the allegation therein.

12. With respect to Paragraph 12 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations in the paragraph and, therefore denies the allegation therein.

13. With respect to Paragraph 13 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations in the paragraph and, therefore denies the allegation therein.

14. With respect to Paragraph 14 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations in the paragraph and, therefore denies the allegation therein.

15. Defendants deny the allegations in Paragraph 15.

## **DEFENDANTS' BUSINESS, INFRINGEMENT AND FALSE ADVERTISING**

16. With respect to Paragraph 16 of the Complaint, Defendants admit that it is in the pipe restoration business. Except as admitted, Defendants deny each and every remaining allegation of Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. With respect to Paragraph 18 of the Complaint, Defendants admit that Plaintiff PRT filed a lawsuit against Defendants on February 22, 2011. Except as

admitted Defendants deny each and every remaining allegation of Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement ['579 Patent])

27. Defendants reallege each and every answer set for in Paragraphs 1 through 26 inclusive, and incorporates them by this reference.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition – 15 U.S.C. § 1125)

33. Defendants reallege each and every answer set for in Paragraphs 1 through 26 inclusive, and incorporates them by this reference.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

## THIRD CLAIM FOR RELIEF

### (California Business and Professions Code §§ 17200 et seq. and 17500)

36. Defendants reallege each and every answer set for in Paragraphs 1 through 26 inclusive, and incorporates them by this reference.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

## DEMAND FOR JURY TRIAL

40. Defendants hereby demand a trial by jury on all claims and defenses

## DEFENDANTS' AFFIRMATIVE DEFENSES

Upon information and belief, Defendants allege as follows in affirmative defense of the allegations set forth in the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Patent Invalidity)

41. U.S. Patent No. 8,343,579 ("the '579 Patent") and, all of the claims thereof, are invalid under Title 35 of the United States Code, §101, §102, §103 and/or §112, including as more specifically one or more of the following reasons:

   a. The alleged invention of the '579 was known or used by others in this country before the invention thereof by the applicant for the '579 Patent (35 U.S.C. §102(a));

   b. The alleged invention of the '579 Patent was patented, or in public use, or on sale in this country, more than one year prior to the day the application for the patent in the United States (35 U.S.C. § 102(b)));

   c. The applicants for the '579 Patent did not themselves invent the subject matter patented (35 U.S.C. §102(f));

   d. Before the applicant's alleged invention thereof, the invention was made in this county by another who had not abandoned, suppressed or concealed it (35 U.S.C. § 102(g));

   e. The differences between the subject matter patented and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which the said subject matter pertains (U.S.C § 103).

f. The '579 Patent is invalid under 35 U.S.C. §112, ¶¶ 1-2. The grounds for invalidity are: (1) written description; (2) regards as invention; and (3) enablement.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

42. Defendants have not infringed, directly or indirectly, and is not now infringing any valid claim of the '579 Patent.

43. The Plaintiff's claims against the Defendants are barred given that no patent infringement exists on the facts or circumstances of the case under §271.

44. No valid claim of the '579 Patent literally or equivalently covers or includes within its scope any products and/or services ever made, used, offered for sale, or sold by the Defendants.

45. Furthermore, Defendants have not done any act nor proposes to do any act in violation of any rights Plaintiff may have in the '579 Patent, if any at all, nor to cause any other person and/or entity to violate any rights Plaintiff may have in the '579 Patent, if any at all.

## THIRD AFFIRMATIVE DEFENSE
### (Laches, Waiver, Acquiescence, or Estoppel)

46. Plaintiff's remedies with respect to the '579 Patent are barred by the doctrines of laches, waiver, acquiescence, and/or estoppels.

## FOURTH AFFIRMATIVE DEFENSE
### (Misuse)

47. Upon information and belief, Plaintiff has misused the '579 Patent by the maintenance of this action, in bad faith, when it should have known that the patent was invalid or that it had no valid claim of patent infringement against the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Relief Barred)

48. Any claim for injunctive relief and equitable remedies by the Plaintiff are barred in light of the fact that the Plaintiff has an adequate remedy at law.

## SIXTH AFFIRMATIVE DEFENSE

### (Inequitable Conduct- 35 USC 282(1))

49. The '579 Patent and all of its claims thereof, are rendered unenforceable against the Defendants due to the Plaintiff's inequitable conduct pursuant to 37 CFR §1.56. In particular, the Plaintiff failed to properly disclose all material information known to it in the prosecution and procurement of the '579 Patent. Upon information and belief, Plaintiff practiced the invention disclosed in the '579 patent more than one year prior to its earliest priority filing date. In particular, Defendants believe Plaintiff publicly used the pipe restoration method/process as disclosed in the '579 patent in and around January-March 2000 at several hotels including the MayFlower Park Hotel and Pacific Plaza Hotels in Seattle; Vancouver's 385 Room (Four Seasons Hotel). In addition, upon information and belief, Plaintiff ACE DuraFlo publicly disclosed and used the pipe restoration system/method disclosed in the '579 patent more than one year prior to its earliest priority filing date through a company called ACE Envirotech, Inc. which was founded by the Plaintiffs. Thus, at the time of the filing of the '579 patent application, Plaintiffs' knew that it had already publicly disclosed and used the '579 patent pipe restoration method/process at least a year before the '579 patent application filing thereby intentionally violating 35 U.S.C. §102(b). Plaintiffs intentionally withheld this public disclosure and use information in order to defraud the Patent Office into issuing the '579 Patent to the Plaintiffs.

Upon information and belief, Plaintiffs' also intentionally withheld information that was material to the patentability of the '579 patent. In particular, one of the '579 inventors, Mr. Larry Gillanders, was selling licenses to an

"InterTechno LSE-SYSTEM" which was a system for the renovation of in-place piping systems in and around 1998 in Vancouver. As part of this, Mr. Gillanders knew and had correspondence with Mr. Werner Naf who was the inventor of InterTechno LSE-System. Upon information and belief, Mr. Gillanders received documentation regarding the InterTechno LSE pipe restoration system/method which would have been considered material to the '579 patentability and intentionally withheld such information from the patent office which violated 37 CFR 1.56.

### SEVENTH AFFIRMATIVE DEFENSE
**(Inadequate Notice)**

50. Upon information and belief, Plaintiff's claims for patent infringement, including damages, are barred in whole or in part, or limited, by its failure to provide adequate notice under 35. U.S.C. §287.

### EIGHTH AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

51. Plaintiff has failed to state a claim upon which relief may properly be granted.

### NINTH AFFIRMATIVE DEFENSE
**(Express or Implied License)**

52. Plaintiff's claims for patent infringement against Defendants are precluded to the extent that any allegedly infringing products are supplied, directly or indirectly to the Defendants resulting in an express or implied license.

### TENTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

53. Plaintiffs' is barred from obtaining any equitable remedy in any of its claims because the Plaintiff has acted unethically or in bad faith with respect to the attempt to enforce an invalid patent against the Defendants and that the Plaintiffs' themselves have participated in false and misleading advertising and business

practices in relation to its epoxy lining business.

## COUNTERCLAIMS

Counterclaim Plaintiffs, PIPELINE RESTORATION PLUMBING, INC., a California Corporation, f/k/a COAST BUILDING & PLUMBING, INC., d/b/a PIPELINE RESTORATION SERVICES, and ROY TERRY, an individual, ("hereby "Counterclaim Plaintiffs") hereby state that following for its Counterclaims against Counterclaim Defendants, PIPE RESTORATION TECHNOLOGIES, LLC, ACE DURAFLO SYSTEMS, LLC, and PIPE RESTORATION, INC. (hereby collectively, "Counterclaim Defendants"):

## PARTIES AND JURISDICTION

1. Counterclaim Plaintiff Pipeline Restoration Plumbing, Inc. is a California corporation;

2. Counterclaim Plaintiff Roy Terry is an individual residing in California;

3. Counterclaim Defendant Pipe Restoration Technologies, LLC is a Nevada Limited Liability Company;

4. Counterclaim Defendant Ace Duraflo Systems, LLC is a Nevada Limited Liability Company;

5. Counterclaim Defendant Pipe Restoration, Inc. is a California Corporation;

6. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§1331, 1338(a) and 2201, in that the counterclaims for declaratory relief under 28 U.S.C. §§2201 and 2202 assert substantial federal claims for a patent controversy under the Patent Statutes, 35 United States Code, and pursuant to the supplemental jurisdiction of this Court under 28 U.S.C. § 1367, in that the counterclaims relate to the same case or controversy and is joined with and in response to the Complaint.

7. Venue is proper under 28 U.S.C. §1391 and 1400(b).

DEFENDANTS' FIRST AMENDED ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED COMPLAINT

**COUNTERCLAIM PLAINTIFFS' BUSINESS**

8.      Counterclaim Plaintiffs owns and operates a plumbing business which, among other things, offers a variety of epoxy-based pipe restoration services. In this regard, Counterclaim Plaintiffs have developed and owns a proprietary system and method of internally restoring leaking pipes. As part of its epoxy lining business, Counterclaim Plaintiffs' are the owner of U.S. Patent No. 8,486,314 (the "'314 Patent") which involve its patented method of internally restoring leaking pipes. With its propriety epoxy lining system and method, Counterclaim Plaintiffs are able to provide epoxy lining services to customers in a more economical and efficient way than its competitors. Counterclaim Plaintiffs' does not believe its patented method of internally restoring leaking pipes infringes any of the claims contained in Counterclaim Defendants' United States Patent No. 8,343,579 (the "'579 Patent"). In addition, Counterclaim Plaintiffs believe that the '579 Patent is invalid and/or unenforceable.

**COUNTERCLAIM DEFENDANTS' UNFAIR COMPETITION AND FALSE ADVERTISING**

9.      On information and belief, Counterclaim Defendants are in the business, of among other things, plumbing and the epoxy lining industry. As part of their plumbing operations, Counterclaim Defendants also offer an epoxy-based pipe restoration services that are similar in some respects to Counterclaim Plaintiffs' services mentioned above. In particular, Counterclaim Defendants compete with Counterclaim Plaintiffs for pipe restoration work in small diameter, potable water applications including but not limited to residential properties.

10.     In connection with its advertising of its pipe restoration services, Counterclaim Defendants have made, and continue mark, false and misleading representations in marketing, in –person solicitation and other materials and actions, in an effort to unfairly compete with Counterclaim Plaintiffs by misleading, and/or confusing actual and potential customers as to the certification of Counterclaim

Defendants' epoxy used in its pipe restoration services.

11. Upon information and belief, Counterclaim Defendants have made, and continue make, false and misleading representations that its epoxy used in its pipe restoration is certified for NSF/ANSI 61 standard in regards to the "maximum field use dry film thickness." In particular, Counterclaim Defendants' epoxy is certified for 10mils thickness (inside the pipe) when applied to interior pipes < ½" in diameter. Thus, Counterclaim Defendants are using an epoxy that exceeds the allowable material application thickness required by its NSF 61 listing. Attached as Exhibit "A" is a true and correct copy of the Counterclaim Defendants' NSF/ANSI 61 certification listing.

12. Upon information and belief, Counterclaim Defendants' epoxy thickness is well beyond the 10mils thickness and thus Counterclaim Defendants usage and application of its epoxy is in violation of their NSF/ANSI 61 standard listing.

13. In sampling the interior of pipes that Counterclaim Defendants' applied its epoxy to on publicly distributed samples, factory lined piping and product samples removed from completed building systems, Counterclaim Plaintiffs discovered that Counterclaim Defendants epoxy thickness substantially exceeds its certified thickness in all samples tested as seen below:



14. Upon information and belief, Counterclaim Defendants' know that it is applying non-certified epoxy in its customers' jobs and is willfully, maliciously and/or intentionally providing false misrepresentations to the customers in order to gain an unfair advantage in the marketplace and unfairly compete with Counterclaim Plaintiffs.

15. Upon information and belief, Counterclaim Defendants' use of its non-certified epoxy is in violation of various Health & Safety Codes, the Uniform Plumbing code (UPC) and International Plumbing Code (IPC) all of which have adopted the NSF/ASNI Standard 61. The application of non-NSF/ANSI 61 tested and approved epoxy material into drinking water systems may be dangerous and result in potential significant health and safety risks to the public.

## COUNT I

**(Declaratory Judgment for Invalidity of the '579 Patent)**

16. Counterclaim Plaintiffs re-allege Paragraphs 1-15, inclusive, and incorporate them herein by this reference.

17. The '579 Patent, and more particularly the claims of the '579 Patent alleged to be infringed, are invalid for failure to comply with one or more requirements set forth in 35 U.S.C., including but not limited to §101, §102, §103 and/or §112.

## COUNT II

**(Declaratory Judgment for Unenforceability of the '579 Patent)**

18. Counterclaim Plaintiffs re-allege Paragraphs 1-15, inclusive, and incorporate them herein by this reference.

19. The '579 patent is unenforceable because the Counterclaim Defendants' failure to properly comply with their duty of disclosure under 37 CFR §1.56 to the Patent Office during the prosecution and procurement of the '579 Patent. The '579 Patent and all of its claims thereof, are rendered unenforceable against the Counterclaim Plaintiffs due to the Counterclaim Defendants' inequitable

conduct pursuant to 37 CFR §1.56. In particular, Counterclaim Defendants failed to properly disclose all material information known to it in the prosecution and procurement of the '579 Patent. Upon information and belief, Counterclaim Defendants' practiced the invention disclosed in the '579 patent more than one year prior to its earliest priority filing date. In particular, Counterclaim Plaintiffs believe Counterclaim Defendants publicly used the pipe restoration method/process as disclosed in the '579 patent in and around January-March 2000 at several hotels including the MayFlower Park Hotel and Pacific Plaza Hotels in Seatlle; Vancouver's 385 Room (Four Seasons Hotel). In addition, upon information and belief, Counterclaim Defendant Plaintiff ACE DuraFlo publicly disclosed and used the pipe restoration system/method disclosed in the '579 patent more than one year prior to its earliest priority filing date through a company called ACE Envirotech, Inc. which was founded by the Counterclaim Defendants. Thus, at the time of the filing of the '579 patent application, Counterclaim Defendants knew that it had already publicly disclosed and used the '579 patent pipe restoration method/process at least a year before the '579 patent application filing thereby intentionally violating 35 U.S.C. §102(b). Counterclaim Defendants intentionally withheld this public disclosure and use information in order to defraud the Patent Office into issuing the '579 Patent to the Counterclaim Defendants.

Upon information and belief, Counterclaim Defendants also intentionally withheld information that was material to the patentability of the '579 patent. In particular, one of the '579 inventors, Mr. Larry Gillanders, was selling licenses to an "InterTechno LSE-SYSTEM" which was a system for the renovation of in-place piping systems in and around 1998 in Vancouver. As part of this, Mr. Gillanders knew and had correspondence with Mr. Werner Naf who was the inventor of InterTechno LSE-System. Upon information and belief, Mr. Gillanders received documentation regarding the InterTechno LSE pipe restoration system/method which would have been considered material to the '579 patentability and

intentionally withheld such information from the patent office which violated 37 CFR 1.56.

## COUNT III

**(Declaratory Judgment for Non-Infringement of the '579 Patent)**

20. Counterclaim Plaintiffs re-allege Paragraphs 1-15, inclusive, and incorporate them herein by this reference.

21. An actual and justiciable controversy exists between Counterclaim Plaintiffs and Counterclaim Defendants involving the allegations of Patent Infringement of the '579 Patent by Counterclaim Plaintiffs' products and services.

22. Counterclaim Plaintiffs are thus entitled to a declaratory judgment declaring that their products and services do not infringe any of the claims of the '579 Patent.

## COUNT IV

**(Federal Unfair Competition- 15 U.S.C. § 1125)**

23. Counterclaim Plaintiffs re-allege Paragraphs 1-15, inclusive, and incorporate them herein by this reference.

24. Counterclaim Defendants' false statements in advertising materials, representations, and otherwise as described in paragraphs 1 to 15 above, constitute violations of 15 U.S.C. § 1125 of the Lanham Act.

25. Counterclaim Defendants' aforesaid acts constitute deliberate and intentional violations of 15 U.S.C. § 1125, causing damages, as well as irreparable harm to Counterclaim Defendants for which there is no adequate remedy at law. Given the willful nature of Counterclaim Defendants' conduct, this is an "exceptional" case under the Lanham Act, entitling Counterclaim Plaintiffs to their attorneys' fees incurred herein.

## COUNT V

**(California Business and Professions Code §§ 17200 et. seq. and 17500)**

26. Counterclaim Plaintiffs re-allege Paragraphs 1-15, inclusive, and

incorporate them herein by this reference.

27. The foregoing acts and conduct of Counterclaim Defendants described in paragraphs 1-15, constitute unfair trade practices and unfair competition under California Business and Professions Code ("Cal B&P Code") §§ 17200 et. seq., and False Advertising under Cal. B&P Code § 17500.

28. Counterclaim Defendants' acts have caused damage to Counterclaim Plaintiffs, including incidental and general damages, lost profits, and out-of-pocket expenses. Counterclaim Defendants should therefore be required to disgorge and restore to Counterclaim Plaintiffs all profits and other expenses as may be incurred by the Counterclaim Plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants/Counterclaim Plaintiffs pray and respectfully request that:

A. The Plaintiffs' First Amended Complaint be dismissed with prejudice, and Plaintiffs take nothing by way of their First Amended Complaint;

B. Judgment be entered declaring that the '579 is invalid and/or unenforceable;

C. Judgment be entered in favor of Defendants/Counterclaim Plaintiffs declaring that Defendants/Counterclaim Plaintiffs are not now infringing and have not in the past infringed the '579 Patent.

D. A permanent injunction be entered enjoining Plaintiffs/Counterclaim Defendants and all of their officers, directors, employees, servants, affiliates, partners, and agents, and all those persons or entities in active concert or participation with any of them, from violating Defendants/Counterclaim Plaintiffs' rights by way of accusing Defendants/Counterclaim Plaintiffs, their dealers and/or customers of infringing or otherwise violating the '579 Patent.

E. The Plaintiffs/Counterclaim Defendants be enjoined from instituting,

prosecuting, or threatening to bring any civil action or proceeding of any nature whatsoever based upon said patents against anyone, including Defendants/Counterclaim Plaintiffs.

  F. An order to the United States Patent & Trademark Office requiring the cancellation the '579 Patent Registration.

  G. An award be entered in favor of Defendants/Counterclaim Plaintiffs for reasonable attorneys' fees pursuant to 35 U.S.C. §285 and costs incurred in this civil action; and

  H. Any and all other further relief in favor of Defendants/Counterclaim Plaintiffs as this Court deems just or proper be granted.

DATED:  March 6, 2013  **RHEMA LAW GROUP, P.C.**

_____
By: John D. Tran
   Rosalind T. Ong
   William L. Buus
1 Park Plaza, Suite 600
Irvine, California 92614
Telephone:  (949) 852-4330
Facsimile:   (866) 929-3519
Email: jdt@rhemalaw.com
Attorneys for Defendants/Counterclaim-
Plaintiffs Pipeline Restoration Plumbing, Inc. et. al.